**DEREK SMITH LAW GROUP, PLLC**
IAN M. BRYSON, ESQUIRE
Attorney ID No. 321359
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790
ian@dereksmithlaw.com
*Attorneys for Plaintiff, Cameron Irving*

### IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAMERON IRVING, | |
| Plaintiff, | Civil Action No._____ |
| v. | **COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF *and* DAMAGES** |
| JIMMY G'S STEAKS; 2111 ABIGAIL, LLC; NICHOLAS STRAFELLA; *and* CHRISTOPHER COLANERO, | JURY TRIAL DEMANDED |
| Defendants. | |

### Nature of the Action

1. This is an action for relief from violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"); the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963 ("PHRA"); and the Philadelphia Fair Practices Ordinance, Philadelphia Code §§ 9-1100 et seq. ("PFPO").

2. Plaintiff seeks actual damages, compensatory damages, punitive damages, statutory penalties, reinstatement, pre- and post-judgment interest, reasonable attorneys' fees and costs of suit to redress injuries suffered as a result of being sexually harassed and discharged from employment.

1

## Parties

3. Plaintiff Cameron Irving is an adult individual resident of Philadelphia County and a citizen of the Commonwealth of Pennsylvania.

4. Defendant Jimmy G's Steaks is a fictitious business entity incorporated in the Commonwealth of Pennsylvania with a corporate office located at 682 North Broad Street, Philadelphia, PA 19130 and a principal place of business (a restaurant called "Jimmy G's Steaks") located at 695 N Broad St, Philadelphia, PA 19123. At all relevant times, Defendant acted or failed to act through its agents, servants and employees, each of whom were acting within the course and scope of their employment.

5. Defendant 2111 Abigail, LLC is a limited liability company incorporated in the Commonwealth of Pennsylvania with a corporate office located at 682 North Broad Street, Philadelphia, PA 19130 and a principal place of business (a restaurant called "Jimmy G's Steaks") located at 695 N Broad St, Philadelphia, PA 19123. At all relevant times, Defendant acted or failed to act through its agents, servants and employees, each of whom were acting within the course and scope of their employment.

6. At all relevant times, Defendants Jimmy G's Steaks and 2111 Abigail, LLC were joint employers of Plaintiff who at all relevant times exercised joint control and dominion over the location of the work, discretion over the duration of the relationship between the parties, power of hiring and firing, responsibility over the method of payment and provision of employee benefits, and control over the daily activity of the workers, including assignment of work, direct supervision of workers, training and furnishing of materials. At all relevant times, Defendants Nicholas Strafella and Christopher Colanero were actual and/or ostensible agents of Defendants Jimmy G's Steaks and 2111 Abigail, LLC.

2

Defendants Jimmy G's Steaks and 2111 Abigail, LLC are hereafter collectively referred to as "Jimmy G's Steaks."

7. Defendant Nicholas Strafella is an adult resident of the State of New Jersey residing at 2100 Derby Drive, Cinnaminson, New Jersey 08077. Defendant owns/operates the restaurant Jimmy G's Steaks located at 695 N. Broad Street, Philadelphia, PA 19123. At all relevant times, Defendant Strafella was Plaintiff's supervisor. At all relevant times, Defendant was acting within the course and scope of his employment as an agent of Jimmy G's Steaks.

8. Defendant Christopher Colanero is an adult resident of the Commonwealth of Pennsylvania residing at 2435 Fitzgerald Street, Philadelphia, PA 19145. Defendant Colanero was at all relevant times Plaintiff's direct supervisor and a manager at Jimmy G's Steaks located at 695 N. Broad Street, Philadelphia, PA 19123. At all relevant times, Defendant was acting within the course and scope of his employment as an agent of Jimmy G's Steaks.

9. Defendants were Plaintiff's "employers" and Plaintiff was Defendants' "employee" within the meaning of the applicable law.

10. Defendants systematically and willfully violate workers' rights under Title VII, the PHRA and the PFPO.

## Exhaustion of Administrative Remedies

11. Ms. Irving timely files charges of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Philadelphia Commission on Human Relations ("PCHR") alleging violations of Title VII, the PHRA and the PFPO.

12. Both EEOC and PCHR issued notices of right to sue.

13. Ms. Irving has timely filed this action and has complied with all administrative prerequisites to bring this lawsuit.

## Jurisdiction and Venue

14. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because it involves questions of federal law under the Title VII.

15. This Court has supplemental jurisdiction over Plaintiff's PHRA and PFPO claims pursuant to 28 U.S.C. § 1367 because they arise from the same nucleus of operative facts as Plaintiff's Title VII claims.

16. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) because the acts and omissions giving rise to Plaintiff's claims occurred here and Defendant is subject to personal jurisdiction here.

## Facts

17. Ms. Irving is a 22-year-old female who worked at Defendants' restaurant "Jimmy G's Steaks" from March 2019 through her forced resignation on May 4, 2019.

18. From March 2019 until May 4, 2019, Defendant Colanero sexually harassed Ms. Irving.

19. For example, Defendant Colanero exposed his genitals to Ms. Irving.

20. By way of further example, Defendant Colanero frequently subjected Ms. Irving to unwanted conversations about sexual intercourse.

21. By way of further example, Defendant Colanero frequently questioned Plaintiff about her sexual history.

22. By way of further example, Defendant Colanero frequently texted Plaintiff about his own sexual escapades.

23. By way of further example, Defendant Colanero regurgitated the contents of his sexual

fantasies about Ms. Irving to their coworkers.

24. By way of further example, Defendant Colanero propositioned Ms. Irving for sex.

25. The above are just some examples of the harassment Ms. Irving suffered from Defendant Colanero.

26. Ms. Irving complained about each of the above incidents to Defendant Strafella and informed Defendant Strafella that Defendant Colanero made her "extremely uncomfortable."

27. Ms. Irving further complained to Defendant Strafella that she was "scared" of Defendant Colanero because "he can be mean to me at work."

28. Ms. Irving further complained to Defendant Strafella that Defendant Colanero was "extremely vulgar."

29. Ms. Irving asked Defendant Strafella to look at the security camera footage to see Defendant Colanero "near my register holding up his phone to show me the picture, on the camera that's above my register or even the one on the wall I think above the bathroom."

30. Ms. Irving asked Defendant Strafella to "take the time to listen to what I have to say because I know he's been there for a long time and I just did not know if my voice would be heard because I'm a female in a predominantly male environment at work."

31. Defendant Strafella responded, "I talked to my counsel about the situation at hand"; and proceeded to ask Ms. Irving for her "blessing" to "conduct a thorough investigation." Ms. Irving said yes.

32. Ms. Irving expressed concern that Defendant Colanero "could retaliate or do something to hurt me."

33. Defendant Strafella said "it's obviously up in the air right now until the investigation is completed."

34. Shortly thereafter, Defendant Strafella cut Ms. Irving's work hours.

35. Additionally, even after Defendant Strafella started his "investigation," Defendant Colanero spoke to Ms. Irving about a female coworker's breasts. Because Defendant Strafella failed to conduct a prompt, and thorough investigation, and otherwise acquiesced in the conduct, Defendant Colanero's sexual harassment continued.

36. As a result of Defendants' ongoing conduct, Ms. Irving was forced to seek mental health counseling and therapy.

37. On May 4, 2019 Ms. Irving was forced to resign from her employment with Defendants as a result of an ongoing hostile work environment and retaliation (some examples of which are cited above).

38. The above are just some examples of the unlawful discrimination, harassment and retaliation that Ms. Irving suffered by Defendants.

39. Defendants discriminated against Ms. Irving for opposing and/or complaining about Defendants' unlawful practices under the Title VII, the PHRA and the PFPO.

40. Defendant discriminated against, harassed and retaliated against Ms. Irving in the terms and conditions of her employment because of sex/gender and/or sexual orientation.

41. Defendants subjected Ms. Irving to a hostile work environment and sexual harassment.

42. Defendants retaliated against Ms. Irving because she reported or otherwise opposed Defendants' discriminatory conduct and unlawful practices.

43. Plaintiff claims a continuous practice of discrimination, harassment and retaliation and makes all claims herein under the continuing violations doctrine. Defendants exhibited a pattern and practice of not only discrimination, but also retaliation.

44. Plaintiff claims unlawful constructive and/or unlawful actual discharge.

45. Plaintiff further claims aggravation, activation and/or exacerbation of any preexisting condition.

46. Ms. Irving continues to suffer severe emotional distress related to the unlawful conduct she experienced by Defendants.

47. Because of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, salary, bonuses, benefits and other compensations which such employment entails; as well as past and future pecuniary losses, emotional distress, humiliation, suffering, inconvenience, loss of enjoyment of life activities, and other non-pecuniary loses.

48. Plaintiff is entitled to reinstatement, liquidated damages, attorneys' fees and costs.

49. Because Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff also claims punitive damages against Defendants.

**<u>Causes of Action</u>**

**Count I**
**Title VII Disparate Treatment**
**42 U.S.C. § 2000e-2**
**Plaintiff v. Jimmy G's Steaks and 2111 Abigail, LLC**

50. Plaintiff incorporates by reference each and every allegation made in the above paragraphs of this complaint.

51. Title VII provides, in relevant part, that "it shall be an unlawful employment practice for an employer . . . to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of [her] race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

52. Title VII further provides that "un unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice." 42 U.S.C. § 2000e-2(m).

53. Defendants engaged in unlawful employment practices prohibited by Title VII by intentionally discriminating against Ms. Irving with respect to her compensation, terms, conditions, training and privileges of employment because of her sex and in retaliation for her protected activity.

54. Defendants subjected Ms. Irving to adverse tangible employment actions—defined as significant changes in Plaintiff's employment status, discipline, denial of training, failure to promote, reassignment with significantly different job responsibilities, and decisions causing changes in significant changes in her employment benefits.

55. Ms. Irving's protected characteristics played a determinative factor in Defendants' decisions.

56. Defendants cannot show any legitimate nondiscriminatory reasons for their employment practices and any reasons proffered by Defendants for their actions against Plaintiff are pretextual and can readily be disbelieved.

57. Alternatively, Ms. Irving's protected status played a motivating part in Defendants' decisions even if other factors may also have motivated their actions against her.

58. Defendants acted with the intent to discriminate.

59. Defendants acted upon a continuing course of conduct.

60. As a result of Defendants' violations of Title VII, Plaintiff has suffered damages, including, but not limited to past and future lost wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

**WHEREFORE**, Plaintiff demands judgment against Defendants and prays for the following relief: (1) an award of compensatory damages in an amount consistent with Title VII; (2) an award of reasonable attorneys' fees and costs of this action in accordance with Title VII; (3) an award of pre- and post-judgment interest and court costs as further allowed by law; (4) an adjudication and declaration that Defendants' conduct as set forth herein is in violation of Title VII; and (5) all additional general and equitable relief to which Plaintiff is entitled.

**Count II**
**Title VII Hostile Work Environment**
**42 U.S.C. § 2000e-2**
**Plaintiff v. Jimmy G's Steaks and 2111 Abigail, LLC**

61. Plaintiff incorporates by reference each and every allegation made in the above paragraphs of this complaint.

62. Title VII also prohibits hostile work environment harassment, defined as unwanted comments or conduct regarding the plaintiff's protected characteristics that have the purpose or effect of unreasonably interfering with the terms and conditions of the plaintiff's employment. Harris v. Forklift Systems, 510 U.S. 17, 21 (1993).

63. An employer is strictly liable for supervisor harassment that "culminates in a tangible employment action, such as discharge, demotion, or undesirable reassignment." Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998).

64. Respondeat superior liability for the acts of non-supervisory employees exists where "the defendant knew or should have known of the harassment and failed to take prompt remedial action. Andrews v. City of Philadelphia, 895 F.2d 1469, 1486 (3d Cir. 1990).

65. Employer liability for co-worker harassment also exists where "the employer failed to provide a reasonable avenue for complaint." Huston v. Procter & Gamble Paper Prods. Corp., 568 F.3d 100, 105 (3d Cir. 2009).

66. The Third Circuit has held that the retaliation provision of Title VII "can be offended by harassment that is severe or pervasive enough to create a hostile work environment." Jensen v. Potter, 435 F.3d 444, 446 (3d Cir. 2006).

67. Here, Defendants' conduct occurred because of Ms. Irving's legally protected characteristics and was severe or pervasive enough to make a reasonable person of the same legally protected classes believe that the conditions of employment were altered and that the working environment was intimidating, hostile or abusive.

68. The harassing conduct directly refers to Plaintiff's sex.

69. Defendants delegated to Plaintiff's supervisors the authority to control the work environment and they abused that authority to create a hostile work environment.

70. Harassing conduct filled the environment of Plaintiff's work area.

71. Defendants knew that the harassing conduct filled Plaintiff's work environment.

72. Harassing conduct occurred daily.

73. Harassing conduct caused Plaintiff to sustain severe emotional distress resulting in physical illness and serious psychological sequelae.

74. Plaintiff subjectively regarded the harassing conduct as unwelcome and unwanted and objectively opposed the conduct.

75. The conduct was both severe and pervasive.

76. The conduct was physically threatening and humiliating.

77. The conduct unreasonably interfered with Plaintiff's work performance.

78. The conduct was so extreme that it resulted in material changes to the terms and conditions of Plaintiff's employment.

79. Defendants provided a futile avenue for complaint.

80. Defendants retaliated against Plaintiff for her complaints.

81. Defendants acted upon a continuing course of conduct.

82. As a result of Defendants' violations of Title VII, Plaintiff has suffered damages, including, but not limited to past and future lost wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

**WHEREFORE**, Plaintiff demands judgment against Defendants and prays for the following relief: (1) an award of compensatory damages in an amount consistent with Title VII; (2) an award of reasonable attorneys' fees and costs of this action in accordance with Title VII; (3) an award of pre- and post-judgment interest and court costs as further allowed by law; (4) an adjudication and declaration that Defendants' conduct as set forth herein is in violation of Title VII; and (5) all additional general and equitable relief to which Plaintiff is entitled.

**Count III**
**Title VII Retaliation**
**42 U.S.C. § 2000e-3**
**Plaintiff v. Jimmy G's Steaks and 2111 Abigail, LLC**

83. Plaintiff incorporates by reference each and every allegation made in the above

paragraphs of this complaint.

84. Title VII protects employees from retaliation for attempting to exercise their rights under

the Act:

> 42 U.S.C. § 2000e-3. Other unlawful employment practices
> (a) Discrimination for making charges, testifying, assisting, or
> participating in enforcement proceedings. It shall be an unlawful
> employment practice for an employer to discriminate against any of
> his employees . . . because [she] has opposed any practice made an
> unlawful employment practice by this subchapter, or because [she]
> has made a charge, testified, assisted, or participated in any manner
> in an investigation, proceeding, or hearing under this subchapter.

85. The Supreme Court in Burlington v. N. & S.F. Ry. V. White, 548 U.S. 53, 68 (2006) held

that a cause of action for retaliation under Title VII lies whenever the employer responds

to protected activity in such a way that "might have dissuaded a reasonable worker from

making or supporting a charge of discrimination."

86. Informal complaints and protests can constitute protected activity under the "opposition"

clause of 42 U.S.C. § 2000e-3(a). Moore v. City of Philadelphia, 461 F.3d 331, 343 (3d

Cir. 2006) ("Opposition to discrimination can take the form of informal protests of

discriminatory employment practices, including making complaints to management.").

87. Title VII's anti-retaliation provision also protects employees who speak out about

discrimination by answering questions during an employer's internal investigation.

Crawford v. Metropolitan Gov't of Nashville and Davidson Cty., Tennessee, 555 U.S.

271, 277 (2009) (declaring that there is "no reason to doubt that a person can 'oppose' by

responding to someone else's question just as surely as by provoking the discussion, and

nothing in the statute requires a freakish rule protecting an employee who reports discrimination on her own initiative but not one who reports the same discrimination in the same words when her boss asks a question.").

88. Retaliation need not be job-related to be actionable under Title VII—an employer can effectively retaliate against an employee by taking actions not directly related to her employment or by causing her harm outside the workplace. White, 548 U.S. at 61-62 (rejecting authority from the Third Circuit and others requiring that the plaintiff suffer an adverse employment action in order to recover for retaliation).

89. "[A] plaintiff need not prove the merits of the underlying discrimination complaint, but only that '[she] was acting under a good faith, reasonable belief that a violation existed.'" Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1085 (3d Cir. 1996); Griffiths v. CIGNA Corp., 988 F.2d 457, 468 (3d Cir. 1993); Sumner v. United States Postal Service, 899 F.2d 203, 209 (2d Cir. 1990), overruled on other grounds by Miller v. CIGNA Corp., 47 F.3d 586 (3d Cir.1995).

90. An employee need not be a member of a protected class to be subject to actionable retaliation under Title VII. See Moore, 461 F.3d at 342 ("Title VII's whistleblower protection is not limited to those who blow the whistle on their own mistreatment or on the mistreatment of their own race, sex, or other protected class.")

91. Here, Defendants discriminated against Plaintiff because of her protected activity under Title VII.

92. Plaintiff was acting under a reasonable, good faith belief that her right to be free from discrimination on the basis of sex and retaliation was violated.

93. Plaintiff was subjected to materially adverse actions at the time or after the protected conduct took place.

94. There was a causal connection between Defendants' materially adverse actions and Plaintiff's protected activity. In determining whether a plaintiff has produced evidence of causation, courts in the Third Circuit focus on two indicia: timing and evidence of ongoing antagonism. Plaintiff will rely on a broad array of evidence to demonstrate a causal link between her protected activity and Defendants' actions taken against her, such as the unusually suggestive proximity in time between events, as well as Defendants' antagonism and change in demeanor toward Plaintiff after Defendants became aware of Plaintiff's protected activity.

95. Defendants' actions were "materially adverse" because they were serious enough to discourage a reasonable worker from engaging in protected activity.

96. Defendants acted upon a continuing course of conduct.

97. Plaintiff will rely on a broad array of evidence to demonstrate a causal link between her protected activity and Defendants' actions taken against her, such as the unusually-suggestive proximity in time between events, as well as Defendants' antagonism and change in demeanor toward Plaintiff after Defendants became aware of Plaintiff's protected activity.

98. As a result of Defendants' violations of Title VII, Plaintiff has suffered damages, including, but not limited to past and future lost wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

**WHEREFORE**, Plaintiff demands judgment against Defendants and prays for the following relief: (1) an award of compensatory damages in an amount consistent with Title VII; (2) an award of reasonable attorneys' fees and costs of this action in accordance with Title VII; (3) an award of pre- and post-judgment interest and court costs as further allowed by law; (4) an adjudication and declaration that Defendants' conduct as set forth herein is in violation of Title VII; and (5) all additional general and equitable relief to which Plaintiff is entitled.

**Count IV**
**PHRA Discrimination**
**43 P.S. §§ 951-963**
**Plaintiff v. Jimmy G's Steaks and 2111 Abigail, LLC**

99. Plaintiff incorporates by reference each and every allegation made in the above paragraphs of this complaint.

100.     The PHRA § 955 provides that it shall be an unlawful discriminatory practice: "(a) For any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability or the use of a guide or support animal because of the blindness, deafness or physical handicap of any individual or independent contractor, to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services required."

101.     Defendants engaged in unlawful employment practices in violation of the PHRA by discriminating against Plaintiff because of her sex (Female).

102.     Defendants acted with intent to discriminate.

103.     Defendants cannot show any legitimate nondiscriminatory reason for their actions

against Plaintiff and any reasons proffered by Defendants are pretextual and can be

readily disbelieved.

104.     As a result, Plaintiff has suffered damages.

105.     Plaintiff hereby makes a claim against Defendants under all of the applicable

paragraphs of the PHRA § 955.

**WHEREFORE**, Plaintiff demands judgment against Defendants and prays for the following

relief: (1) actual damages; (2) compensatory damages in an amount consistent with the PHRA;

(3) reasonable attorneys' fees in accordance with the PHRA; (4) litigation costs in accordance

with the PHRA; (5) pre- and post-judgment interest as further allowed by law; (6) an

adjudication and declaration that Defendants' conduct as set forth herein is in violation of the

PHRA; (7) punitive damages in accordance with the PHRA; (8) front pay in accordance with the

PHRA; and (9) all additional general and equitable relief to which Plaintiff is entitled.

### Count V
### PHRA Retaliation
### 43 P.S. §§ 951-963
### Plaintiff v. All Defendants

106.     Plaintiff incorporates by reference each and every allegation made in the above

paragraphs of this complaint.

107.     PHRA § 955(d) provides that it shall be an unlawful discriminatory practice: "For

any person, employer, employment agency or labor organization to discriminate in any

manner against any individual because such individual has opposed any practice

forbidden by this act, or because such individual has made a charge, testified or assisted,

in any manner, in any investigation, proceeding or hearing under this act."

108.     Defendants engaged in an unlawful discriminatory practice by retaliating and

otherwise discriminating against Plaintiff because of Plaintiff's opposition to the

unlawful employment practices of their employer.

109.     As a result, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants and prays for the following

relief: (1) actual damages; (2) compensatory damages in an amount consistent with the PHRA;

(3) reasonable attorneys' fees in accordance with the PHRA; (4) litigation costs in accordance

with the PHRA; (5) pre- and post-judgment interest as further allowed by law; (6) an

adjudication and declaration that Defendants' conduct as set forth herein is in violation of the

PHRA; (7) punitive damages in accordance with the PHRA; (8) front pay in accordance with the

PHRA; and (9) all additional general and equitable relief to which Plaintiff is entitled.

**Count VI**
**PHRA Aiding and Abetting**
**43 P.S. §§ 951-963**
**Plaintiff v. All Defendants**

110.     Plaintiff incorporates by reference each and every allegation made in the above

paragraphs of this complaint.

111.     PHRA § 955(e) provides that it shall be an unlawful discriminatory practice: "for

any person, employer, employment agency, labor organization or employee, to aid, abet,

incite, compel or coerce the doing of any act declared by this section to be an unlawful

discriminatory practice, or to obstruct or prevent any person from complying with the

provisions of this act or any order issued thereunder, or to attempt, directly or indirectly,

to commit any act declared by this section to be an unlawful discriminatory practice."

112.     Defendants engaged in an unlawful discriminatory practice in violation of PHRA

§955(e) by committing, aiding, abetting, inciting, compelling and coercing the

discriminatory conduct.

113.     As a result, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants and prays for the following

relief: (1) actual damages; (2) compensatory damages in an amount consistent with the PHRA;

(3) reasonable attorneys' fees in accordance with the PHRA; (4) litigation costs in accordance

with the PHRA; (5) pre- and post-judgment interest as further allowed by law; (6) an

adjudication and declaration that Defendants' conduct as set forth herein is in violation of the

PHRA; (7) punitive damages in accordance with the PHRA; (8) front pay in accordance with the

PHRA; and (9) all additional general and equitable relief to which Plaintiff is entitled.

**Count VII**
**PFPO Discrimination**
**PFPO §§ 9-1100 et seq.**
**Plaintiff v. Jimmy G's Steaks and 2111 Abigail, LLC**

114.     Plaintiff incorporates by reference each and every allegation made in the above

paragraphs of this complaint.

115.     The Philadelphia Fair Practices Ordinance § 9-1103(1) provides that "It shall be

an unlawful discriminatory practice:  "It shall be an unlawful employment practice to

deny or interfere with the employment opportunities of an individual based upon his or

her race, ethnicity, color, sex (including pregnancy, childbirth, or a related medical

condition), sexual orientation, gender identity, religion, national origin, ancestry, age,

disability, marital status, familial status, genetic information, or domestic or sexual

violence victim status, including, but not limited to, the following: (a) For any employer

to refuse to hire, discharge, or otherwise discriminate against any individual, with respect

18

to tenure, promotions, terms, conditions or privileges of employment or with respect to

any matter directly or indirectly related to employment."

116.     Defendants engaged in an unlawful discriminatory practice in violation of

Philadelphia Fair Practices Ordinance § 9-1103(1) by creating and maintaining

discriminatory working conditions, and otherwise discriminating against Plaintiff because

of Plaintiff's sex/gender and/or sexual orientation, by sexually harassing Plaintiff and by

subjecting Plaintiff to a hostile work environment.

117.     Plaintiff hereby makes a claim against Defendants under all of the applicable

paragraphs of Philadelphia Fair Practices Ordinance Chapter 9-1100.

**WHEREFORE**, Plaintiff demands judgment against all Defendants and prays for the

following relief: (1) actual damages; (2) compensatory damages; (3) reasonable attorneys' fees;

(4) litigation costs; (5) pre- and post-judgment interest; (6) an adjudication and declaration that

Defendants' conduct as set forth herein is in violation of the law; (7) punitive damages; (8) and

all additional general and equitable relief to which Plaintiff is entitled.

### Count VIII
### PFPO Retaliation
### PFPO §§ 9-1100 et seq.
### Plaintiff v. All Defendants

118.     Plaintiff incorporates by reference each and every allegation made in the above

paragraphs of this complaint.

119.     The Philadelphia Fair Practices Ordinance § 9-1103(1)(g) provides that it shall be

unlawful discriminatory practice: " For any person to harass, threaten, harm, damage, or

otherwise penalize, retaliate or discriminate in any manner against any person because he,

she or it has complied with the provisions of this Chapter, exercised his, her or its rights

under this Chapter, enjoyed the benefits of this Chapter, or made a charge, testified or

assisted in any manner in any investigation, proceeding or hearing hereunder."

120.     Defendants engaged in an unlawful discriminatory practice in violation of

Philadelphia Fair Practices Ordinance § 9-1103(1)(g) by discriminating against the

Plaintiff because of Plaintiff's opposition to the unlawful employment practices of her

employer.

**WHEREFORE**, Plaintiff demands judgment against all Defendants and prays for the

following relief: (1) actual damages; (2) compensatory damages; (3) reasonable attorneys' fees;

(4) litigation costs; (5) pre- and post-judgment interest; (6) an adjudication and declaration that

Defendants' conduct as set forth herein is in violation of the law; (7) punitive damages; (8) and

all additional general and equitable relief to which Plaintiff is entitled.

**Count IX**
**PFPO Aiding and Abetting**
**PFPO §§ 9-1100 et seq.**
**Plaintiff v. All Defendants**

121.     Plaintiff incorporates by reference each and every allegation made in the above

paragraphs of this complaint.

122.     The Philadelphia Fair Practices Ordinance § 9-1103(1)(h) provides that it shall be

unlawful discriminatory practice: "For any person to aid, abet, incite, induce, compel or

coerce the doing of any unlawful employment practice or to obstruct or prevent any

person from complying with the provisions of this Section or any order issued hereunder

or to attempt directly or indirectly to commit any act declared by this Section to be an

unlawful employment practice."

123.     Defendants engaged in an unlawful discriminatory practice in violation of

Philadelphia Fair Practices Ordinance § 9-1103(1)(h) by aiding, abetting, inciting,

compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

**WHEREFORE**, Plaintiff demands judgment against all Defendants and prays for the following relief: (1) actual damages; (2) compensatory damages; (3) reasonable attorneys' fees; (4) litigation costs; (5) pre- and post-judgment interest; (6) an adjudication and declaration that Defendants' conduct as set forth herein is in violation of the law; (7) punitive damages; (8) and all additional general and equitable relief to which Plaintiff is entitled.

### **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues raised by this complaint.

Respectfully submitted,

**DEREK SMITH LAW GROUP, PLLC**

By: */s/ Ian M. Bryson, Esquire*
IAN M. BRYSON, ESQUIRE
Attorney ID No. 321359
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790
ian@dereksmithlaw.com
*Attorneys for Plaintiff, Cameron Irving*

Dated: August 1, 2021

21